UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TEMPTIME CORPORATION** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 08-4277 (FSH) |
| v. | : | |
| | : | |
| **TIMESTRIP PLC and CCL LABEL, INC.** | : | |
| | : | |
| | : | **REPORT & RECOMMENDATION** |
| | : | |
| **Defendants.** | : | |

   This matter having come before the Court as a result of the Order to Show Cause dated April 3, 2009, which ordered the defendants to "to show cause in writing why the Undersigned should not recommend to the United States District Judge, pursuant to Fed. R. Civ. P. 16 and/or 42, that its Answer be struck and that leave be granted to the plaintiff to seek the entry of default and default judgment" and which notified the defendants that "[f]ailure to provide a written submission will result in a recommendation that its Answer be struck and leave be granted to permit plaintiff to seek default and default judgment;" Order, dated April 3, 2009;

   and the record reflecting that a copy of the Order was served upon the defendants, see Docket No. 23;

   and the record further reflecting that the defendants were on notice of the deadline to respond to the Order dated April 3, 2009, see Docket No. 24;

   and the defendants failing to provide a written submission explaining why a recommendation that the Answer be struck and leave be granted to the plaintiff to seek the entry of default and default judgment should not be made;

   and it further appearing that the defendant was on notice of the Rule 16 conference

scheduled for April 3, 2009 but failed to appear;

and it further appearing that someone other than an attorney licensed to practice law before the Court filed an Answer on Timestrip PLC's behalf, see Docket No. 16;

and 29 U.S.C. § 1654, providing that "[i]n all courts of the United States . . . parties may lead and conduct their own cases personally or by counsel . . . .", except that a corporation cannot proceed pro se or by a representative or agent of the corporation but rather must be represented by counsel, Simbraw Inc. v. United States of America, 367 F.2d 373 (3d Cir. 1966); United States ex rel. Cherry Hill Convalescence Ctr. v. Healthcare Rehab Sys., Inc., 994 F. Supp 244, 253 (D.N.J. 1997); Briehler v. American Continental Properties of New Jersey, Inc., No. CIV.A. 89-4761, 1990 WL 33144, at *4, n. 1 (D.N.J. March 20, 1990);

and defendant Timestrip PLC having been notified that it is precluded from proceeding in this case without hiring an attorney and hence to Answer is insufficient;

and given its failure to appear at the conference, its failure to secure counsel, and its failure to respond to the Order to Show Cause, the Undersigned recommends that sanctions be imposed pursuant to Fed. R. Civ. P. 16, specifically that the United States District Judge strike the Answer and the plaintiff be permitted to seek the entry of default and default judgment;[1]

---

[1] Fed. R. Civ. P. 16(f) provides that the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(B)(A)(ii)-(vi), if a party or attorney: . . . fails to appear at a scheduling or pretrial conference . . . or . . . fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(B)(v) specifically identifies an order "dismissing the action" as one of the permissible orders that a court may enter if a party violates Rule 16(f). The Court of Appeals for the Third Circuit has also explicitly recognized that "courts have inherent equitable power to dismiss actions or enter default judgements for failure to prosecute, contempt of Court or abuse of litigation practices." Lightening Lube, Inc. v. Whitco, Corp., 4 F.3d 1153, 1179 n. 15 (3d Cir. 1993) (citations omitted).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors which must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's

and for the reasons set forth herein and on the record on April 3, 2009;

and for good cause shown,

IT IS ON THIS 27th day of April, 2009

RECOMMENDED THAT the United States District Judge, pursuant to Fed. R. Civ. P. 16, strike defendants' Answer and that leave be granted to the plaintiff to seek the entry of default and default judgment.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections; and

IT IS FURTHER ORDERED that plaintiff shall serve a copy of this Report and Recommendation upon defendant Timestrip PLC by regular mail, express mail/return receipt

---

personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, (6) the meritoriousness of the claim or defense.  Id. at 868.  While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

According to the plaintiff's counsel, an authorized representative of the defendant has been personally speaking with representative of the plaintiff and hence has been on personal notice of these proceedings and its decision to not attend the proceeding or comply with the Order can only be viewed as willful.  Not only has the representative or its counsel failed to appear but no one responded to the Order to Show Cause on the defendant's behalf.  This repetitive conduct present a history of noncompliance.  The nonparticipation of the defendant prejudices the plaintiff because it precludes the plaintiff from investigating the claim or defenses.  Finally, the defendant's nonresponsiveness despite notice of these proceedings and the consequences of failing to appear or respond to the Order to Show cause demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default or default judgment will cure the prejudice.  Any other sanction would not address the plaintiff's present inability to proceed to a resolution.  To permit the defendant to have an improper Answer stand is both in contravention of the requirement that it proceed through counsel and leaves the plaintiff in a position of being unable to investigate its claims or the defenses embodied in the improper Answer.  For these reasons, striking the Answer and allowing the plaintiff to seek the entry of default and default judgment is the most appropriate sanction and warranted under the facts of this case.

required, and email and shall file proof of service with the Clerk of the Court.

                                              s/Patty Shwartz
                                              **UNITED STATES MAGISTRATE JUDGE**